(102 So. 625)

## HOBBS v. SOVEREIGN CAMP W. O. W.
### (7 Div. 459.)

(Supreme Court of Alabama. Nov. 20, 1924. Rehearing Denied Jan. 28, 1925.)

1. **Insurance** ⬤⟹462, 640(3)—Where insured, while assaulting marshal, was killed by him, insurer not liable, though killing not justified, pleas not defective.

Under life insurance providing that, if insured should die in consequence of a violation of law, policy should be void, where he assaulted a deputy marshal, who killed him, insurer was not liable even though killing was not justifiable, and hence pleas were not demurrable because not alleging elements of self-defense.

2. **Insurance** ⬤⟹640(2)—Pleas held to negative stipulation of policy for continued good health after reinstatement.

In action on policy of life insurance, pleas setting up provision for reinstatement only if insured was in good health and so continued for 30 days, and alleging that insured was not in good health for 30 days, for that within such time he died, *held* sufficiently to negative stipulation for continued good health.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

Action on policy of life insurance by Fannie M. Hobbs against the Sovereign Camp of the Woodmen of the World. From a judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, § 6, p. 449. Affirmed.

Earl Montgomery and Knox, Acker, Dixon & Sims, all of Talladega, for appellant.

To bring the deceased's death within the exception to the policy, it was necessary that the pleas allege that deceased was killed by one acting in self-defense, and must aver every element of fact necessary to constitute self-defense. Bounds v. Sovereign Camp, 101 S. C. 325, 85 S. E. 770, Ann. Cas. 1917C, 589; Supreme Lodge v. Bradley, 73 Ark. 274, 83 S. W. 1055, 67 L. R. A. 770, 108 Am. St. Rep. 38, 3 Ann. Cas. 872; R. R. Mail Ass'n v. Moseley, 211 F. 1, 127 C. C. A. 427; 14 R. C. L. 1226; 5 C. J. 657; Kuykendall v. Edmondson, 208 Ala. 553, 94 So. 546; Morris v. McClellan, 154 Ala. 639, 45 So. 641, 16 Ann. Cas. 305; Murphy v. Coleman, 9 Ala. App. 625, 64 So. 185; Bean v. Stephens, 208 Ala. 197, 94 So. 173; 30 C. J. 43. The phrase "good health," as used in the policy, means freedom from disease, not death from all causes whatsoever. 4 Words and Phrases, 3122; Griesa v. Mass. Ben. Ass'n, 60 Hun, 581, 15 N. Y. S. 71; 29 Cyc. 184.

C. H. Roquemore, of Montgomery, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. [1] Demurrers to appellee's special pleas numbered 2, 3, 4, 6, 8, 10, and 11 were properly overruled. These pleas, to state them in short, set up a provision of the contract of insurance sued on whereby it was agreed in substance that, if the member holding the certificate should die in consequence of a violation of the law of the state, the certificate should be null and void, and of no effect, and alleged that insured, holder of the certificate sued on died in consequence of a violation of law in this, that he did assault or present his pistol at or against one Richardson, who was deputy marshal of the town, whereupon said Richardson shot and killed him in defense.

The alleged defect in these pleas is that they fail to allege the elemental facts of self-defense. But that, in our judgment, was not necessary to the sufficiency of the pleas. The essential thing was that the insured had violated the law, and that in consequence the town marshal, who in some of the pleas is referred to by his name only, had shot and killed him. If insured violated the law and in consequence was slain, it was of no consequence whether the act of the marshal could be justified on the ground of self-defense or not. It was not necessary to the sufficiency of these pleas, therefore, that they should allege the elements of self-defense or self-defense at all.

[2] Pleas 5, 15, and 16, to describe them in a very general way, but sufficiently to show the question at issue, set up a provision of the contract whereby it was agreed that, if the member, the insured, should fail to pay his monthly installment of assessment on or before the last day of the month, he should stand suspended from all benefits of the society, and should be reinstated by payment of arrears only in case he was at the time of such payment in good health, and so continued for 30 days thereafter, and alleged that plaintiff's insured was not in good health for 30 days after payment, for that within 30 days he died. These pleas do not allege that insured died by violence, but only that he died, meaning, as we think the pleas should be construed, died a natural death, thereby implying, necessarily, that he did not continue in good health, and it may be that the same considerations would apply had the pleas alleged the death of insured by violence, but that we do not decide. These pleas negatived the stipulation of the contract, and that was enough.

There was no error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes